## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**ASHLEY GAUSE,**<br>**D'MARRELL MITCHELL, and**<br>**TERRANCE BRANHAM,**<br><br><br>      **Defendants.** | **Case No. 23-CR-190 (ABJ)** |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF
## THE ADMISSION OF NON-TESTIMONIAL JAIL CALLS

The United States seeks to introduce at trial certain excerpts from a recorded jail between Defendants Terrance Branham and Ashley Gause. Those excerpts are admissible because they are not hearsay, alternatively fall into an exception to the hearsay rule, but in any event, do not implicate *Bruton* and its progeny.

## **BACKGROUND**

On February 5, 2023, while incarcerated, Defendants Branham and Gause had a phone conversation on a recorded line.   The relevant portions are as follows:

**BRANHAM**: My feet get big when it come to shit like that, I big step on shit like that, I love that type of shit…Cause I know one thing for sure, n\*\*\*\*\* ain't going to give it up like how I'm going to give it up.   N\*\*\*\*\* be talking that Gorilla shit but they not really on that for real for real . . . . And and you know what makes it so crazy?   They ain't trying to go to jail, I don't be caring about none of that when I'm in the mix, I don't be caring about none of that, I get real mad and I turn it all the way up.

**GAUSE**: Yeah straight up.

\*     \*     \*

**BRANHAM**: I need you to find me a stepper for that situation like ASAP bruh.

**GAUSE**: Yeah, I am, I am, I ain't forget . . . .Won't be so hard.

**BRANHAM**: I need one of them to step on that like asap bruh.   You know the, you know the numbers on that end bruh is so tremendous, oh my God.

**BRANHAM**: I need that done done.

**GAUSE**: I'm going to get that done ASAP, try to work on that this week . . . .

\*     \*     \*

**BRANHAM**: I ain't going to lie Cray [Defendant Gause], I'm keeping it 100 with you bruh . . . . I ain't going to lie to you bruh, I'm being all the way real with you bruh.   Once I find me a little another little man like Man Man [Co-Conspirator Neal], bruh, it's going to be the dynamic duo: me, my little man, and you bruh, I'm not - I don't need no extras, I told you that yesterday, I don't need no extras bruh.

**GAUSE**: Yeah straight up.

\*     \*     \*

**BRANHAM**: I don't need no extras, and bruh can feel how he feel . . . . I sat down and I added up and thought about everything bruh, that was just extra extra 30, 20, 40 bags giving it away.

**GAUSE**: For nothing.

**BRANHAM**: For nothing bruh.   You didn't do nothing, you didn't nothing but sit in the passenger seat, you didn't no nothing.

**GAUSE**: Let Cray illustrate, orchestrate.

**BRANHAM**: I'm gonna grab me two young n\*\*Cra\*\*\* bruh, we gonna mold them…pave the way for them, show them the way . . . . I'm gonna tutor them . . . .

Defendants Branham and Gause filed motions to exclude the above excerpts.  *See* ECF Nos. 280, 281. On September 14, 2025, the Court ordered the Government to respond by the following evening. *See* Minute Entry Dated 09/14/2025. The Government provides the following argument in support of the admission of these excerpts.

## ARGUMENT

As an initial matter, the statements are not hearsay as they are not being offered for the truth of the matter asserted. Broadly speaking, "hearsay" is an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement."  Fed. R. Evid. 801(c). But "[a]n out-of-court statement that is offered to show its effect on the hearer's state of mind is not hearsay under Rule 801(c)."  *United States v. Thompson*, 279 F.3d 1043, 1047 (D.C. Cir. 2002) (collecting cases).

Here, Defendant Branham's and Defendant Gause's statements are not being offered to prove the truth of any assertions. Indeed, none of the statements constitute an "assertion" under Rule 801.   In other words, the Government is not presenting these statements to prove that, for example, Defendant Branham actually needs another "stepper" (and not an "extra") or that Defendant Branham actually intends to "tutor" an individual at some point in the future. Nor does Ms. Gause's statement "Let Cray illustrate, orchestrate" assert a fact in any meaningful sense.   To the contrary, "the Government does not intend to introduce the statements by [Defendant Branham and Gause] for the truth of the matter asserted, but rather to illustrate [Defendant Branham's and Gause]'s state of mind in furthering the alleged conspiracy rendering [them] non-hearsay" *United*

*States v. Bailey*, 2022 U.S. Dist. LEXIS 171874, *15 (D.D.C. Sept. 22, 2022) (internal citations omitted); *see also United States v. Hayes*, 369 F.3d 564, 568 (D.C. Cir. 2004) (reversing conviction and holding that district court abused its discretion by excluding defendant's recorded statement to co-conspirator because "his statements were still admissible to show his state of mind").

To the extent the Court finds that these statements are assertions and being offered for the truth, they remain admissible as statements against party opponents under Rule 801(d)(2)(A). The statements of Defendant Branham, who dominates the excerpts identified by the Government, would be admissible against only Defendant Branham.  Likewise, the one specific statement of Defendant Gause—"Let Cray illustrate, orchestrate"—would be admissible against only Defendant Gause. And the Government would not oppose a limiting instruction requiring the jury to consider each defendant's respective statements against only him or her.

In arguing that the statements are inadmissible, defendants attack the relevance of the statements and suggest that the statements may refer innocently to non-conspiratorial conduct. But the statements are plainly relevant to the charged conduct. Defendants Gause and Branham are discussing their roles in the charged conspiracy and even referencing the conduct of other conspirators. This conversation reflects the relationship between these defendants, their understanding of each other's respective roles.  Defendant Branham's discussion of "steppers" and Defendant Branham's reference to "another little man like Man Man [co-conspirator Neal]" is circumstantial evidence indicating his role in the charged conspiracy, his awareness of the participants of that conspiracy, and the method for how that conspiracy was carried out.  Further, Defendant Gause's response, "Let Cray illustrate, orchestrate" reflects Gause's awareness of her own role in the conspiracy, as an "illustrat[or]" or "orchestrat[or]," of that conspiracy.  And

4

ultimately the jury should be allowed to determine what weight to give this evidence.

Further, the admission of these excerpts does not violate the Confrontation Clause as articulated in *Bruton v. United States*, 391 U.S. 123 (1968). In *Bruton*, the Supreme Court found that the admission of one co-defendant's confession to law enforcement against the other co-defendant violated the Confrontation Clause because the other co-defendant did not have an opportunity to cross examine his co-defendant at trial. *Id*. at 136. The bar in *Bruton*, however, applies only to "testimonial" statements. *See, e.g.*, *United States v. Johnson*, 581 F.3d 320, 325–26 (6th Cir. 2009) ("Because it is premised on the Confrontation Clause, the *Bruton* rule, like the Confrontation Clause itself, does not apply to nontestimonial statements."); *United States v. Vargas*, 570 F.3d 1004, 1009 (8th Cir. 2009) (holding that *Bruton* does not apply to nontestimonial co-defendant statements); *United States v. Pike*, 292 Fed. App'x. 108, 112 (2d Cir. 2008) ("[B]ecause the statement was not testimonial, its admission does not violate either *Crawford* [ ] or *Bruton* [ ].")); *United States v. Smalls*, 605 F.3d 765, 768 (10th Cir. 2010) ("Notably, however, the *Bruton* rule, like the Confrontation Clause upon which it is premised, does not apply to nontestimonial hearsay statements."). Accordingly, non-testimonial statements implicate neither the Confrontation Clause nor (necessarily) *Bruton*.

"A 'testimonial' statement is one that is 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" *United States v. Wills*, 2018 U.S. Dist. LEXIS 215159, *13-14 (D.D.C. Dec. 21, 2018) (quoting *Crawford v. Washington*, 541 U.S. 36, 52 (2004)). "By contrast, a statement is deemed non-testimonial if it was 'made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance

to meet an ongoing emergency.'" *Id.* (quoting *Davis v. Washington*, 547 U.S. 813, 822 (2006)). The district court must determine "whether, in light of all the circumstances, viewed objectively, the primary purpose of the conversation was to create an out-of-court substitute for trial testimony." *Ohio v. Clark*, 576 U.S. 237, 245 (2015).

Here, there can be no serious argument that the "primary purpose" of Defendant Branham's statements to his co-defendant—and, relatedly, Defendant Gause's statements to her co-defendant—on a jail call "was to create an out-of-court substitute for trial testimony." *Id.* Indeed, "[i]t seems highly unlikely that [Defendants Branham or Gause] would have made any statements at all had [they] known that the call was being monitored by police." *See, e.g.*, *United States v. Cooper*, 2017 U.S. Dist. LEXIS 8647, *3-4 (D.D.C. Jan. 23, 2017) (denying motion to exclude audio recording and holding that "the recorded statements . . . are not testimonial for the purposes of *Bruton*, and therefore may be admitted in their entirety without infringing on [defendant]'s Sixth Amendment rights"); *see also United States v. Johnson*, 581 F.3d 320, 323-26 (6th Cir. 2009) (affirming conviction and holding that even though the individual who was recording the calls was a Government informant, the statements were not testimonial because the defendant "it is clear that [defendant] did not anticipate them being used in a criminal proceeding against [his co-defendant]"); *United States v. Smalls*, 605 F.3d 765, 779-80 (10th Cir. 2010) (holding that a statement secretly recorded by a CI in jail of a defendant was non-testimonial and did not violate *Bruton* the "statement was much more akin to casual remarks to an acquaintance than formal declarations to an official"); *United States v. Smith*, 383 F. App'x 355, 356 (4th Cir. 2010) (affirming conviction and holding that admission of a co-defendant's statement against a defendant was non-testimonial). Because these statements are not testimonial, their admission

does not implicate *Bruton*.

## <u>CONCLUSION</u>

For all the foregoing reasons, the Government respectfully requests that the Court admit

the identified excerpts of recorded jail calls between Defendants Branham and Gause.

Respectfully submitted,

Jeanine Ferris Pirro
United States Attorney

By:       /s/ Mark Levy
          Mark Levy
          D.C. Bar No. 241668
          Cameron Tepfer
          Sarah Martin
          Assistant United States Attorneys
          601 D Street NW
          Washington, D.C. 20530
          202-740-3031
          Mark.Levy@usdoj.gov